LAW OFFICES
**THON BECK VANNI CALLAHAN & POWELL**
A PROFESSIONAL CORPORATION
THE COMMONS
140 S. LAKE AVE. #208
PASADENA, CALIFORNIA 91101-4904
(626) 795-8333 / Fax (626) 449-9933
Gregory R. Vanni, Esq. SBN 106641
Michael P. O'Connor, Esq. SBN 207277
gvanni@thonbeck.com / moconnor@thonbeck.com

Attorneys for Plaintiff SARA SIERRA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SIERRA, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; GARRETT MARTIN SHAW; EAN HOLDINGS, LLC; ENTERPRISE HOLDINGS, INC.; ENTERPRISE HOLDINGS, LLC; ESTATE OF RACHEL CONNIE DE LARA; and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR WRONGFUL DEATH;** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, SARA SIERRA ("Plaintiff"), alleges as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346 because this is an action for personal injury or death caused by the negligent or wrongful act or omission of an employee of the federal government, Defendant GARRETT MARTIN SHAW ("SHAW"), while acting within the scope

1
COMPLAINT FOR WRONGFUL DEATH

of his office or employment by the United States Department of Justice, Federal Bureau of Prisons, under circumstances where the UNITED STATES OF AMERICA, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate Plaintiff's claims arising under the laws of the State of California, including those involving the joinder or intervention of additional parties, because such claims involve a common nucleus of operative facts so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has diversity jurisdiction over Plaintiff's claims herein pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

4. Plaintiff's timely Federal Tort Claims Act ("FTCA") claim for damages was denied by the United States Department of Justice, Federal Bureau of Prisons ("Federal Bureau of Prisons"), on November 3, 2021.

## VENUE

5. Venue is proper under 28 U.S.C. §1402 because at all times relevant, Plaintiff resided in this district and the wrongful acts and/or omissions complained of occurred in this judicial district.

6. Venue is proper under 28 U.S.C. § 1391(b) because Defendants, or some of them, reside in this judicial district and because a substantial part of the acts or omissions that give rise to Plaintiff's claim occurred in this district, on an interstate highway in the City of El Monte, County of Los Angeles, California.

## PARTIES

7. Plaintiff, SARA SIERRA, is a resident of the County of Los Angeles, State of California. She is the mother of decedent Anthony Sierra ("Decedent").

1  Decedent never married. He died age 25 without issue. His father is deceased. Plaintiff is thus Decedent's lawful heir pursuant to California *Probate Code* 6402(b), and brings this action in accordance with California *Code of Civil Procedure* § 377.60, which provides: "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by" the decedent's heirs.

8.  Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, SHAW's employer, Federal Bureau of Prisons, is a Defendant UNITED STATES OF AMERICA federal law enforcement agency under the Department of Justice. UNITED STATES OF AMERICA is a proper defendant pursuant to 28 U.S.C. § 2679(b)(1) for claims for money damages arising from or out of a negligent or wrongful act and/or omission of any federal employee, such as SHAW committed within the course and scope of his employment, as alleged herein.

9.  Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant SHAW was and is an individual, resident in the County of San Bernardino, State of California, employed by Federal Bureau of Prisons as a Correctional Officer. SHAW is named individually in accordance with 28 U.S.C. § 2679 because Plaintiff's FTCA claim was denied on the basis that Plaintiff's injuries and damages were not "as a result of staff negligence in the conduct of their official duties."

10. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant EAN HOLDINGS, LLC is a Delaware Limited Liability Company authorized to do and doing business in California; and Defendants ENTERPRISE HOLDINGS, INC. and ENTERPRISE HOLDINGS, LLC, are business entities, form unknown (hereinafter collectively referred to as "the ENTERPRISE DEFENDANTS"). The ENTERPRISE DEFENDANTS leased, rented, or otherwise participated in concert or venture with SHAW's employer,

Federal Bureau of Prisons, in SHAW's employer's vanpool arrangement, including owning, repairing, maintaining, and providing the van entrusted to and negligently and recklessly operated by SHAW in the course and scope of his employment, causing Decedent's death.

11. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant ESTATE OF RACHEL CONNIE DE LARA is successor to Rachel Connie De Lara, deceased, who resided in the City of Covina, County of Los Angeles, California, and negligently operated the vehicle struck by Federal Bureau of Prisons employee SHAW.

12. The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when ascertained along with appropriate charging allegations. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner responsible in some manner for the events and happenings herein referred to and thereby negligently, or in some other actionable manner, legally and proximately did cause injury and damage to the Plaintiff as herein alleged.

13. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants, and each of them, inclusive, were agents, servants, employees, successors-in-interest, partners, aiders and abettors, co-participants, and/or joint venturers of their co-defendants, and each of them, and were, as such, acting within the course, scope, and authority of said agency, servitude, employment, enterprise, and/or joint venture, and that each and every Defendant as aforesaid, when acting as a principal, was negligent in the selection, hiring, and retention of each and every other Defendant as an agent, servant, employee,

successor-in-interest, aider and abettor, co-participant, and/or joint venturer.

## FACTUAL ALLEGATIONS

14. On November 17, 2019, during hours of darkness, Federal Bureau of Prisons employee SHAW, operating a 2019 Ford Transit passenger van ("van") rented, leased, or otherwise provided by the ENTERPRISE DEFENDANTS, to SHAW's employer, Defendant UNITED STATES OF AMERICA Federal Bureau of Prisons, negligently and recklessly caused a collision that resulted in the death of Anthony Sierra. SHAW, with the van's cruise control set at 80 miles per hour in the High Occupancy Vehicle Lane of the westbound Interstate 10 Freeway in the City of El Monte, County of Los Angeles, collided with a disabled vehicle operated by Rachel Connie De Lara. The van, disabled, came to a stop, blocking lanes. Decedent, Anthony Sierra, a motorcyclist, was killed when he struck the disabled van blocking lanes (the "INCIDENT").

15. At the time and place of the INCIDENT, SHAW was in the course and scope of his employment by Federal Bureau of Prisons, participating in a Federal Bureau of Prisons' employee vanpool arrangement and venture involving Defendants including the ENTERPRISE DEFENDANTS.

16. Federal Bureau of Prisons expressly or impliedly required SHAW, who was traveling with a co-employee, to provide transportation to other Federal Bureau of Prisons employees. SHAW, with co-employee George Heras as passenger, was vanpooling to work at the Metropolitan Detention Center in Los Angeles at the time of the INCIDENT. SHAW was operating the van at the direction of and with his employer Federal Bureau of Prisons' and the ENTERPRISE DEFENDANTS' permission, which either benefited his employer or constituted a customary incident of SHAW's employment. SHAW's conduct in negligently operating the van at an unsafe speed and otherwise was within the scope of his employment because SHAW's operation of the van was either required or incident to his employee duties,

or SHAW's negligence and misconduct operating the van at an excessive speed without regard for conditions could be reasonably foreseen by his employer, Federal Bureau of Prisons, which, among other things, provided the van, and controlled and directed, and had the right to control and direct, SHAW's use and operation of the van. The Federal Bureau of Prisons' vanpool arrangement, in concert with the ENTERPRISE DEFENDANTS, benefited SHAW's employer, a UNITED STATES OF AMERICA federal agency, by, among other things, furthering federal policy promoting ridesharing.[1]

## FIRST CAUSE OF ACTION

**(Wrongful Death Sounding in Negligence Against All Defendants)**

17. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs of this Complaint.

18. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants UNITED STATES OF AMERICA, by and through its agency, Federal Bureau of Prisons, and its employee, SHAW, the ENTERPRISE DEFENDANTS, ESTATE OF RACHEL CONNIE DE LARA, and DOES 1 through 10, inclusive, owned, leased, rented, operated, repaired, maintained, permitted, entrusted, provided and/or controlled vehicles involved in the INCIDENT, and owed a duty of care to all reasonably foreseeable people, including Decedent, Anthony Sierra, to own, operate, keep safe, repair, maintain, test, permit, license, let, rent, provide, entrust, and control their vehicles in a reasonable manner and in compliance with the duty of care and applicable law.

19. Defendants breached their duties of reasonable and due care, as well as one or more duties established by California's *Vehicle Code,* including, but not limited to, Rachel Connie De Lara's violation of California *Vehicle Code* § 22107, unsafe turning movement, and SHAW's violation, while in the course and scope of

---

[1] https://www.planning.dot.gov/documents/Ridesharing_report.pdf

6
COMPLAINT FOR WRONGFUL DEATH

his Federal Bureau of Prisons employment, operating a van provided by and entrusted to him by his employer Defendant UNITED STATES OF AMERICA, and the ENTERPRISE DEFENDANTS, as part of their vanpool enterprise or venture, of California *Vehicle Code* § 22350, operating the van at a speed greater than was reasonable or prudent given the conditions, by negligently and recklessly operating, entrusting, and permitting operation of their vehicles at the time and place of the INCIDENT. Said statutory violations also constitute negligence *per se*. Decedent was a member of a group that said statutes, ordinances, and regulations were designed to protect. Said failures to exercise reasonable and due care, and statutory violations, were a substantial factor in causing Plaintiff's injuries and damages complained of herein, which resulted from harm that said statutes, ordinances, and regulations were designed to prevent.

20.  As a legal, direct and proximate result of the reckless and negligent conduct of Defendants, and each of them, as aforesaid, Plaintiff has sustained general damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, service, moral support, training, and guidance of Decedent, and special damages, including loss of financial support, gifts, benefits, and funeral and burial expenses, according to proof.

21.  Defendants' negligence and other wrongful conduct as aforesaid was a substantial factor in causing Decedent's death, and the injuries and damages complained of herein.

## **PRAYER FOR DAMAGES**

**WHEREFORE,** plaintiff SARA SIERRA prays for judgment as follows:

1.  For general damages resulting from loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, service, moral support, training, and guidance;

2. For special damages, including loss of financial support, gifts, benefits, and funeral and burial expenses;

3. For pre-judgment interest;

4. For costs of suit, to the extent allowed by law; and

5. For such other and further relief as the Court may deem just and proper.

Dated: November 15, 2021

THON BECK VANNI CALLAHAN & POWELL
A PROFESSIONAL CORPORATION

By: MICHAEL P. O'CONNOR, Esq.
Counsel for Plaintiff SARA SIERRA

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all causes of action.

Dated: November 15, 2021

THON BECK VANNI CALLAHAN & POWELL
A PROFESSIONAL CORPORATION

By: MICHAEL P. O'CONNOR, Esq.
Counsel for Plaintiff SARA SIERRA